Curia, per
Johnson, J.
One of the questions of law which arises out of the grounds of appeal, is, whether the plaintiff was entitled to give evidence, of his general good character, when it had not been called in question by the evidence on the part of the defendant.
The rule laid down by Lord Ellenborough in Stuart vs. Lovell, 2 Stark. R. 93, cited in 2 Phill. Ev. 107, that the plaintiff will not be allowed to give evidence of the fairness of his character till his character is attacked, is clearly predicated on the assumption that the plaintiff’s character is not put in issue; and that the defendant cannot, in mitigation of damages, give in evidence the plaintiff’s general bad character — and that is, perhaps, according to the current of the English decisions. But in Buford vs. McCluny, 1 N. & McC. 269, a different rule, which has been since universally followed, prevailed. There it is said that the plaintiff’s character is directly put in issue by the action of slander, and that defendant may, in mitigation, give in *363 evidence bis general bad character — and this diversity in the rule, necessarily leads to a corresponding modification of the rules of evidence. The presumption, to be sure, is in favor of the plaintiff’s character, but that, according to the rule established here, may be rebutted by proof on the part of the defendant; and I take it to be universally true, that when presumption constitutes proof of a matter which is put in issue, that the party who is protected by it is not obliged to rely upon it, if he has better and more conclusive evidence. The circumstance that the plaintiff’s evidence of character in this case, is drawn from a distance, and proved by evidence taken by commission, suggests a very strong argument in favor of the admission of the evidence, as well as in support of the rule which we have adopted. The way-faring man and the stranger,, as well as the native or resident, may become the victim of malevolent aspersions, and the very accusation of crime, without the aid of this rule, would be decisive in public opinion against him; and this, from the circumstance before alluded to, appears, in some degree, to have been the situation of the plaintiff. I infer from it that he had been resident here but a short time. We think, therefore, that the evidence was admissible.
Motion dismissed.
Q’Neall, J, concurred.